

Wright, Constable & Skeen, L.L.P. | Attorneys at Law

One Charles Center, 16th Floor • 100 North Charles Street • Baltimore, Maryland 21201-3812 • 410 659-1300 • Fax 410 659-1350

```
                    FILED
              U.S. DISTRICT COURT
              DISTRICT OF MARYLAND

              2001 AUG 16  A 11: 26

              CLERK'S OFFICE
                AT BALTIMORE

              _____DEPUTY
```

**VIA HAND-DELIVERY**

August 15, 2001

Douglas G. Worrall
Michael J. Abromaitis
Monte Fried
James W. Constable
David W. Skeen
Robert W. Hesselbacher, Jr.**
James D. Skeen*
Kenneth F. Davies
Stephen F. White
Lois Fenner McBride
Frederick L. Kobb
Paul F. Evelius
Mary Alice Smolarek*

Associates
  Henry B. Russell
  Michael A. Stanley
  Howard S. Stevens*
  Joy K. Sakellaris
  Walter W. Green

Of Counsel
  Francis N. Iglehart
  P. McEvoy Cromwell

Wm. P. Constable (1882-1976)
John D. Wright (1903-1976)

Towson Office
  307 West Allegheny Avenue
  Towson, Maryland 21204-4258
  Phone 410-825-0750
  Fax    410-825-0715

www.wcsllp.com

WRITER'S DIRECT DIAL/E-MAIL:
(410) 659-1306/Jskeen@wcsllp.com

The Honorable William M. Nickerson
United States District Judge
United States District Court
for the District of Maryland
101 West Lombard Street
Baltimore, MD  21201

RE:   Allied Signal Technical Services Corporation
      v. M/V DAGMAR MAERSK, etc., et al.
      Civil Action No.:  WMN 00CV 3730

Dear Judge Nickerson:

This case involves damage to a space telescope that was shipped by defendants from Baltimore/Norfolk to Solerno, Italy.  While the damages to the telescope claimed by the Plaintiff are substantial, pursuant to the terms of the bill of lading and the U.S. Carriage of Goods by Sea Act, defendants may be able to limit their liability to $500.00 for this loss.

In this regard, counsel wish to concentrate on the liability issues in discovery, as issues on damages would not be necessary if the limitation of liability is enforceable.

On the other hand, there are witnesses and documents in Italy relevant to liability that will require time to obtain and to depose.  As we have already encountered difficulty in obtaining documentation pursuant to Request for Production of Documents, we would propose that the Scheduling Order be amended as follows:

1.   That the current discovery deadline be extended from September 10, 2001 to October 30, 2001, with a status report due on that date.

2.   That discovery through October 30, 2001 be limited to liability issues only.

109668 v. (00584.00033)

APPROVED
August 15
William Nickerson

* Admitted in the District of Columbia and Maryland
** Admitted in the District of Columbia, Maryland and Virginia



The Honorable William M. Nickerson
August 15, 2001
Page 2 of 2

      3.    That defendants' Rule 26(a)(2) disclosure re experts be August 27, 2001, Plaintiffs rebuttal Rule 26(a)(2) disclosures regarding experts be September 10, 2001 and Rule 26(e)(2) Supplementation of disclosure and response be September 17, 2001. Disclosures re experts are limited to liability issues.

      4.    The date for Request for Admissions will be moved to November 7, 2001.

      5.    The motions deadline will be moved to November 30, 2001. Motions will be only with respect to liability or limitation of liability issues in the case.

      6.    After ruling by the Court on motions, if the Court denies defendant's Motion for Partial Summary Judgment with respect to the limitation of liability, or grants Plaintiff's motion, a prompt telephone status conference will be set, in which counsel will advise the Court of the time necessary to complete discovery on damage issues.

      This proposed amendment to the Scheduling Order is made jointly by the parties. We respectfully request your approval.

Very truly yours,

James D. Skeen

JDS/mvh
cc: Geoffrey S. Tobias, Esquire (via fax – 410/547-0699)
    Robert P. O'Brien, Esquire (via fax - 410/783-6363)
    Henry P. Gonzalez, Esquire (via fax – 202/293-3307)
    Jeffrey L. Neandross, Esquire (via fax – 212/747-0445)

109668 v. (00584 00033)