IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ALLIED SIGNAL TECHNICAL SERVICE CORP. :

:

v. : CIVIL ACTION NO. WMN-00-3730

M/V DAGMAR MAERSK, ET AL. :

..oOo..

**ORDER**

This complaint, filed pursuant to this Court's maritime and admiralty jurisdiction, finally concluded on October 9, 2002, when Senior Judge William Nickerson granted defendants Maersk and Connor's motions for summary judgment, denied plaintiff's motion for summary judgment and entered judgment in favor of the defendants and against the plaintiff. (*See* Paper Nos. 35 & 36.)

On October 15, 2002, defendant Maersk filed a timely Bill of Costs pursuant to Fed. R. Civ. P. 54(d)(1) and 28 U.S.C. § 1920, seeking the amount of $2,149.28 for costs associated with court reporter, witness and docketing fees.[1] (*See* Paper No. 37.) On October 25, 2002, plaintiff filed an opposition or objection to the Bill of Costs, correctly noting that Maersk had failed to attach documentation or memorandum in support of its taxation request. (Paper No. 39.) Maersk has filed a response, which is accompanied by invoices associated with court reporter fees. (Paper No. 40.) No hearing is needed to resolve the taxation issues raised by the parties in this case. *See* Local Rule 105.6. (D.Md. 2001).

**Court Reporter Taxation Request**

Deposition costs may be taxed under Fed. R. Civ. P. 54(d) where they are necessary for the case. *See generally Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437 (1987). To determine

---

[1] On October 23, 2002, defendant Connor filed a Bill of Costs. (Paper No. 38.) It has since filed a motion to withdraw its taxation request. (Paper No. 41.)

if a deposition expense is taxable, a Court must "consider the extent of actual use of each deposition and whether the taking was reasonably necessary to the party's case in light of the particular situation existing at the time of taking." It is not necessarily fatal to taxation that a deposition was not introduced or otherwise used at the trial. *See Advance Business Systems & Supply Co. v. SCM Corporation*, 287 F. Supp. 143, 165 (Md. 1968), *aff'd* as modified, 415 F.2d 55 (4th Cir. 1969), *cert. denied*, 397 U.S. 920 (1970); *see also Lavay Corp. v. Dominion Fed. Sav. & Loan Ass'n*, 830 F.2d 522, 528 (4th Cir. 1987), *cert. denied*, 484 U.S. 1065 (1988).

While a judge may allow a deposition expense if the taking of that deposition was "reasonably necessary" in "light of the particular situation existing at the time of the taking," the undersigned's authority is more limited. In this district, the Clerk has traditionally allowed the costs associated with: (1) *deposing the parties in the case and has allowed*: (2) *depositions that were actually used in connection with the event that terminated the litigation*; (3) purchasing copies of depositions taken by opposing counsel; and (4) trial witness depositions.

Maersk indicates that each of the depositions at issue here were referred to by the parties in "what proved to be the dispositive motions." (Paper No. 40 at 2.) A review of the defendant's summary judgment motion and exhibits reveals that the Knobloch, Selden, Derr and Danielson depositions were indeed relied on by Maersk. (Paper No. 27.) Therefore, the Clerk shall tax the following court reporter fees:

Paul Connor..............................$275.70
Ivo Knobloch............................ 327.50[2]

---

[2] The undersigned Clerk observes that the invoices submitted by Maersk in its Bill of Costs response do not provide a per page rate for the Selden, Derr and Danielson depositions. Without this information I cannot determine whether the taxation requests are reasonable. Therefore, these particular costs shall be disallowed. Further, costs for delivery and duplication (ASCII tapes) are not recoverable.

Costs shall be awarded as to this item in the amount of $603.20.

**Witness Fee Taxation Request**

Maersk also seeks the taxation of the $288.68 witness fee charged by plaintiff's expert Ivo Knoblach. Maersk claims that this expense goes to the hourly charges Knoblach submitted for his time spent in deposition. Such a fee is ordinarily are not taxable by the Clerk. *See Crawford Fitting Co.*, 482 U.S. at 441(fees paid to expert witnesses for their professional services not allowable as costs). Accordingly the fee sought here shall be disallowed.[3]

**Docket Fee Taxation Request**

Docketing fees awarded in this district pursuant to 28 U.S.C. §1923 include $2.50 for depositions admitted into evidence; $20.00 for trial or final hearings; $5.00 for motions for judgment; and fees associated with admiralty cases and appeals. Defendant Maersk does not specify what event the $20.00 docketing fee request goes to, *i.e.*, motion for judgment, depositions admitted into evidence and/or admiralty fee. Therefore, no docketing fee shall be awarded here.

According, costs are hereby awarded in favor of defendant Maersk in the amount of $603.20. This Order shall be docketed and mailed to all parties in this case.

Dated this 4th day of December, 2002.

Felicia C. Cannon
Clerk of Court

---

[3] Plaintiff may, of course, petition for review of this determination to the Court.